MARY DIEHLMAN v. THE DWELLING-HOUSE INSURANCE
COMPANY OF BOSTON, MASS.

*Fire insurance—Forfeiture clause—Title to premises—Effect of
clerical error in deed.*

Where, at the time of issuing a policy of insurance, the insured
was in possession of the insured premises (a homestead) under
a deed in which the land was incorrectly described, but was
correctly described in the policy, which mistake was not dis-
covered until after a loss had occurred, when it was at once
corrected by the execution of a quitclaim deed by the original
grantor to the insured, such mistake cannot work a forfeiture
of the policy, under a clause avoiding it if the interest of the
insured is other or less than a perfect legal and equitable title
and ownership; the title to the premises being substantially as
represented, as in equity the insured had the right to the legal
title as she then had the equitable title, and when it was so
conveyed it related back to the time of taking possession under
the deed containing the wrong description.

Error to Gratiot. (Hart, J.) Argued November 1,
1889. Decided November 15, 1889.

*Assumpsit.* Plaintiff brings error. Reversed. The facts
are stated in the opinion.

*Newell Leonard,* for appellant, contended for the doc-
trine stated in the opinion.

*Shepard & Lyon* and *T. W. Whitney,* for defendant,
contended:

1. The rights of the parties at the time the action was brought will
alone be considered. The deed to correct the mistake in the
description was not executed until after the suit was brought,
and if executed prior thereto it could make no difference.
2. The condition of the title of applicants for insurance is a mat-
ter very material to the risk, and the question of materiality is
settled by the policy. The insurers chose to consider it mate-

rial when the contract was made with the insured; citing *Ins. Co. v. Gilbert*, 27 Mich. 429.

3. It cannot be reasonably contended that the plaintiff had the legal and equitable title to the premises. She may have had the whole interest therein, equitably, but she did not have the title. Interest and title are very different things. A complete title to lands consists of the union of possession, right of possession, and right of property; citing 2 Bl. Com. 199. Here, the plaintiff had the possession and the equitable right of property. She did not have the legal right to either the possession or the property. In a court of law she would be considered as having merely the possession without any right. See, also, *Miller v. Ins. Co*, 46 Mich. 463; *Warner v. Assurance Co.*, 21 Conn. 444; May, Ins. § 289.

LONG, J. A policy of insurance was issued to plaintiff by the Dwelling-house Insurance Company, defendant, for the sum of $700, made up as follows: On frame dwelling-house, $300; on furniture, etc., $300; and on frame barn and shed adjoining, the sum of $100. This policy was issued on February 13, 1886, for the term of three years, and a premium of $7 paid. On March 31, 1888, the dwelling-house and a quantity of goods therein covered by said policy were destroyed by fire. After the fire plaintiff made the necessary proofs of loss. An adjuster of the defendant company visited the premises, and after a full and careful examination of the loss and cause of the fire it was agreed between him and the plaintiff that the matter should be adjusted and settled by the payment of $275 on the house, and $45 on the personal effects destroyed, making a total of $320, which the adjuster agreed the company should pay within 90 days from the date of adjustment. The defendant company afterwards refused payment, on the ground that the plaintiff was not the owner of the premises upon which said building and property stood at the time the policy issued, or at the time of the fire. The policy provides that—

"If the interest of the insured in said property, or any part thereof, now is or shall become any other or less than a perfect legal and equitable title and ownership, free from all liens whatever, except as stated in writing herein, or if the building stands on leased ground, or land of which the assured has not a perfect title, then, and in every such case, this policy shall be void."

It appears that James Paddock and wife made, executed, acknowledged, and delivered a deed to Mary and Martin Diehlman, the husband of the plaintiff, some time prior to the issuing of the policy in this case. The lands and premises are described in the deed as follows:

"Commencing forty-one rods *south* of the south-west corner of the east half of the north-west quarter of section nineteen, township twelve north, range two west; running thence east twenty rods; thence north eight rods; thence west twenty rods; thence south eight rods to the place of beginning," etc.

The correct description would have been:

"Commencing forty-one rods *north* of the south-west quarter," etc.

Afterwards, and in order to put the whole title in Mary Diehlman, she and her husband conveyed the premises to W. H. Schwartz, and Schwartz conveyed back to the plaintiff.

These deeds were all made before the insurance was effected, and all the deeds contained the wrong description. The plaintiff and her husband, however, moved onto and took possession of the premises intended to be conveyed, and were so in possession at the time of the insurance, and the building insured is the one occupied and used as the homestead of the plaintiff and her husband.

The insurance was placed upon the property by Mr. A. R. Garbutt, the duly-authorized agent of the company

in that county, upon application, and after a view of the premises. This mistake was not discovered in the deed until after the loss of the building, etc., by fire, when Mr. Paddock at once made a quitclaim deed to plaintiff containing the correct description, for the purpose of correcting the mistake in the former deeds. The situation was such that plaintiff would have had the right to the corrected deed, and a court of chancery, upon application, would have corrected it. The whole matter was treated between the parties to the deed as a clerical error, Mr. Paddock making no claim, after the execution and delivery of the deed, to the premises intended to be conveyed, and the parties taking actual possession of the property so intended to be conveyed, and the insurance being placed thereon. The plaintiff had in equity all the title that Paddock had to the property, and in the application the agent of the defendant company correctly described the premises. It does not appear that the risk was in any way increased or made more hazardous. All the parties acted in good faith, and after the fire adjusted the loss, and defendant promised payment. These facts are not disputed.

These circumstances cannot be held to work a forfeiture of the policy. The title to the premises is substantially as represented, as in equity the plaintiff had the right to the legal title as she then had the equitable title, and when it was so conveyed it related back to the time of taking possession under the deed containing the wrong description.

It was agreed in the court below that the loss was adjusted at the sum of $320. The loss occurred March 31, 1888, and the amount would become payable 90 days thereafter by the terms of the policy.

The judgment of the court below must be reversed,

and judgment entered in this Court for $320, with interest at 6 per cent. from June 30, 1888. Plaintiff will recover the costs of both courts.

The other Justices concurred.